UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| REBECCA WINSTON, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 1:18-cv-210 |
| v. | ) |
| | ) Judge Mattice |
| LAVONDA WILLIAMS, | ) Magistrate Judge Steger |
| *Defendant.* | ) |

## ORDER

Before the Court is Defendant's Petition for Removal and Federal Stay of Eviction Pursuant to 28 U.S.C. § 1441(B) (Doc. 3) and Plaintiff's Petition to Deny Removal and Federal Stay of Eviction (Doc. 8). Because the Court lacks subject matter jurisdiction over this action, the Petition to Deny Removal and Federal Stay of Eviction will be **GRANTED** and the case remanded to the General Sessions Court of Hamilton County, Tennessee. Defendant's Petition for Removal is partially moot due to the Notice of Removal, but to the extent it seeks a stay of the state court action, it will be **DENIED**.

Defendant filed a Notice of Removal on September 13, 2018, removing this detainer action against her from the General Sessions Court. (Doc. 1). The Petition for Removal alleges that the eviction or proceedings related thereto occurred in violation of the Uniform Commercial Code, the Fair Housing Act, and the Civil Rights Act, and purports to stay the eviction. (Doc. 3). Defendant contends that a federal question is involved and removal was therefore appropriate. (Doc. 3). On September 27, 2018, Plaintiff filed a Petition to Deny Removal (Doc. 8), to which Defendant has not responded. (Doc. 8).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 11 U.S.C. § 1447(c). The obligation to consider whether the Court has jurisdiction to decide the matter before it "applies regardless of whether the case originated in the federal court or began in state court and was removed, and the obligation to consider whether subject-matter jurisdiction exists remains ongoing throughout the pendency of a case before the Court." *Labuy v. Peck*, 790 F. Supp. 2d 601, 602 (E.D. Ky. 2011).

"It is well settled law that neither an actual or anticipated federal defense nor the mere presence of a federal issue will establish the necessary jurisdictional elements to remove a state cause of action to federal court." *Dooley v. Medtronic, Inc.*, 39 F. Supp. 3d 973, 977 (W.D. Tenn. 2014). Defendant argues that the detainer proceedings against her violate federal law and prevent or stay her eviction. (Doc. 3). Though not formally raised, Defendant's arguments are in the nature of defenses and are not sufficient to confer jurisdiction on this Court.

Accordingly, the Petition to Deny Removal and Federal Stay of Eviction (Doc. 8) is **GRANTED IN PART** and this action **REMANDED** to the General Sessions Court of Hamilton County, Tennessee. To the extent that the Petition for Removal and Federal Stay of Eviction (Doc. 3) is not otherwise moot, it is **DENIED**.

**SO ORDERED** this 25th day of October, 2018.

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE